UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD PRATOLA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN (SSCF),<br><br>Respondent. | Civil Action No. 14-3077 (MCA)<br><br>MEMORANDUM ORDER |

This matter having been opened to the Court by Petitioner's "Motion to Amend his Habeas-Corpus Petition" to add claims regarding his Parole Board hearing, which occurred on February 11, 2015. It appearing that:

1. Petitioner initially filed his habeas petition on May 12, 2014, challenging his 1981 murder conviction. (ECF No. 1; *see also* ECF No. 6; ECF No. 32, Answer at 5.) The Court administratively terminated the Petition for failure to use the proper form and for failure to submit the filing fee or an application to proceed *in forma pauperis*. (ECF No. 3.) Petitioner subsequently filed his Petition on the proper form; that form provided him with notice that he must include all grounds for relief in a single all- inclusive petition. (ECF No. 6.) Petitioner also submitted a completed IFP application (ECF No. 11), which was granted by the Court on September 17, 2014. (ECF No. 14.) On November 21, 2014, the Court ordered a limited answer on timeliness. (ECF No. 17.) On March 17, 2015, Petitioner filed a motion to amend his Complaint to add claims related to his Parole Board hearing, which occurred on February 11, 2015. (ECF No. 25.) On May 22, 2015, the State filed its Answer to Petitioner's Petition, but did

1

not address issues related to Petitioner's pending motion to amend. With that background, the Court addresses Petitioner's motion to amend.

2. At issue here is whether Petitioner may amend his Petition challenging his 1981 conviction to add claims related to his Parole Board hearing, which was held on February 11, 2015. The Court finds that he may not. "No habeas petitioner can challenge different determinations in a single action." *McKnight v. U.S.*, 27 F.Supp.3d 575, 578 (D.N.J. 2014). "Habeas Rules do not envision such a lump-sum challenge to the circumstances which a litigant might find himself/herself in. Rather, pursuant to Habeas Rule 2(e), Petitioner is obligated to submit a separate habeas application challenging each particular determination, i.e., he cannot challenge different determinations in one action. *Alou v. Holder*, No. CIV.A. 10-3728 SRC, 2010 WL 4316946, at *1 (D.N.J. Oct. 22, 2010) (citing 28 U.S.C. § 2254 Rule 2(c)); *see also* Rule 2(e) of Rules Governing Section 2254 Cases in the United States District Courts ("When a litigant raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own habeas case"); *Johnson v. Zickefoose*, No. 12–2544, 2014 WL 64456 (D.N.J. Jan.8, 2014) (creating four separate habeas actions for each line of claims); *Watts v. U.S.*, No. 11–0912, 2011 WL 2180658 (D.N.J. May 31, 2011) (creating two separate habeas actions for each line of claims); *accord Frank v. Shartle*, No. 13–5285, 2013 WL 5592414 (D.N.J. Oct.10, 2013) (dismissing an improperly raised claim without prejudice to raising it in a new case); *Figueroa v. Buechele*, No. CIV.A. 15-1200 CCC, 2015 WL 1403829, at *1-2 (D.N.J. Mar. 25, 2015) (dismissing Petition without prejudice where Petition challenged two separate sentences in violation of Rule 2(e).)

3.  Here, Petitioner's motion to amend, if granted by the Court, would violate Habeas Rule 2(e). The Court therefore denies the motion to amend without prejudice to Petitioner's filing of a new habeas petition challenging the Parole Board proceedings.[1]

**THEREFORE, IT IS** on this 13 day of October, 2015,

**ORDERED** that Petitioner's motion to amend is DENIED WITHOUT PREJUDICE to his filing of a new habeas petition challenging the Parole Board proceedings; and it is further

**ORDERED** that the Clerk will send a copy of this Order to Petitioner by regular mail.

Madeline Cox Arleo, District Judge
United States District Court

---

[1] The Court expresses no opinion as to the validity of those claims.