UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD PRATOLA,<br><br>      Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>      Respondent. | Civil Action No. 14-3077 (MCA)<br><br>MEMORANDUM OPINION |

This matter having been opened to the Court by several letters filed by Petitioner (ECF Nos. 45, 46, 47), in response to the Court's October 14, 2015 Order denying his motion to amend his Petition to include claims related to a February 2015 parole board hearing.[1] (ECF No. 44.) It appearing that:

1. Petitioner initially filed his habeas petition on May 12, 2014. That petition challenges his 1981 murder conviction. (ECF No. 1; *see also* ECF No. 6; ECF No. 32, Answer at 5.) On March 17, 2015, Petitioner filed a motion to amend his habeas petition to add claims related to a parole board hearing, which occurred on February 11, 2015. (ECF No. 25.) The caption to the handwritten motion to amend lists Civil Action No. 14-3077 and is addressed to the Newark Clerk's Office. (*See id.*) The scanned envelope that contained the motion papers is also addressed to the Newark Clerk's Office. (*Id.*)

---

[1] Petitioner has submitted numerous letters and applications to the Court in which he attempts to supplement prior applications and/or motions, or to request new relief. Petitioner is hereby notified that the Court will not address such piecemeal submissions, and Petitioner must conform his submissions to the Federal Rules of Civil Procedure and Local Civil Rules in his future filings.

1

2. On October 14, 2015, the Court denied Petitioner's motion to amend without prejudice to his filing of a new Petition related to his 2015 parole proceedings. (*See* ECF No. 44.) Petitioner did not seek formal reconsideration of this Court's Order. Instead, after the Court denied his Motion to Amend, he submitted several letters to the Court (ECF Nos. 45, 46, 47) in which he appears to contend that he intended to file the Motion to Amend in a habeas proceeding relating to a 2012 parole denial that was then-pending before Judge Kugler in the Camden Vicinage. *See* Civ. Act. No. 14-6405. These letters were docketed on November 13, 2015, November 19, 2015, and December 3, 2015.[2] (ECF Nos. 45, 46, 47.)

3. However, in an Opinion and Order dated November 18, 2015, Judge Kugler denied Petitioner's petition for habeas relief in Civ. Act. No. 14-6405 failure to exhaust state court remedies, and also denied Petitioner's motions to amend that petition to include claims from his 2006 and 2015 parole board denials (*See* Civ. Act. No. 14-6405, ECF Nos. 35, 36.) Notably, in denying Petitioner's motion to amend to add claims relating to his 2015 parole denial, Judge Kugler stated the following:

> <u>The habeas petition in this case also does not relate to petitioner's 2015 parole denial. To the extent that petitioner seeks to bring habeas claims on his 2015 parole denial, he may do so in a separate habeas petition, and may not add such arguments/claims to this habeas petition that relates to his 2012 parole proceedings.</u> *See* Rule 2(e) of Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court); *see also McDaniel v. New Jersey State Parole Bd.*, No. 07-3205, 2008 WL 4527574, at *3 n.3 (D.N.J. Oct. 2, 2008) ("Petitioner cannot challenge his May 11, 2004, denial of parole and June 5, 2006, denial of parole in the same action."). Accordingly, petitioner's first motion to amend/supplement will be denied.

(Civil Act. No. 14-6405, ECF No. 35, Opinion at 7 (emphasis added).) Thus, Judge Kugler denied

---

[2] The letter docketed on November 19, 2015 was also docketed in Civ. Act. No. 14-6405.

2

Petitioner's motion to amend his habeas petition related to his 2012 parole denial to add claims relating to his 2015 parole denial and, like this Court, informed Petitioner that he must bring those claims as a separate action. To the extent that Petitioner's letters to the Court may be construed as a request to reopen and re-docket his motion to amend (ECF No. 25) in Civ. Act. No. 14-6405, which is now closed, that request is denied. Any claims with respect to his 2015 parole denial must be brought in a separate habeas petition. An appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Court

Date: Feb 19, 2016