UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD PRATOLA,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>    Respondent. | Civil Action No. 14-3077 (MCA)<br><br>MEMORANDUM OPINION |

This matter having been opened to the Court by Petitioner's submission of a "Motion For Order Compelling Disclosure/Discovery That Is In Possession of Adversary Pursuant to F.R.C.P. 37 (a) [and] (b), Failure to Comply with Court Orders" dated July 6, 2015, (ECF No. 40), and Petitioner's submission of an "Application/Petition for Default Judgment" in connection with the motion to compel.[1] (ECF No. 48.) It appearing that:

1. Petitioner filed his habeas petition on May 12, 2014. (ECF No. 1; *see also* ECF No. 6; ECF No. 32, Answer at 5.) The Court administratively terminated the Petition for failure to use the proper form and for failure to submit the filing fee or an application to proceed *in forma pauperis*. (ECF No. 3.) Petitioner subsequently filed his Petition on the proper form; that form provided him with notice that he must include all grounds for relief in a single all-inclusive petition. (ECF No. 6.) Petitioner also submitted a completed IFP application (ECF No. 11), which was granted by the Court on September 17, 2014. (ECF No. 14.) On November 21,

---

[1] Petitioner has also submitted numerous letters and applications to the Court in which he attempts to supplement prior applications and/or motions, or to request new relief. Petitioner is hereby notified that the Court will not address such piecemeal submissions, and Petitioner must conform his submissions to the Federal Rules of Civil Procedure and Local Civil Rules in his future filings.

1

2014, the Court ordered a limited answer on timeliness. (ECF No. 17.) On December 5, 2014, the case was transferred to the undersigned. (ECF No. 19.) On December 19, 2015, the State requested and received a 30-day extension of time to file its Limited Answer. (ECF Nos. 21, 23.)

2. The State did not file its Limited Answer within time, as extended, and, on April 14, 2015, the Court issued an Order to Show Cause, which required the State to show cause as to why the Petition should not be granted. (ECF No. 28.) On April 30, 2015, Daniel I. Bornstein filed a letter with the Court, in which he stated that he had just received notice of the Court's April 14, 2015 Order to Show Cause and had been unable to file a timely Answer due to difficulties in locating archived files. (ECF No. 29.) Mr. Bornstein also stated in his letter that he believed that his associate had requested an additional extension due to these difficulties and that he would file the State's Limited Answer by Monday, May 4, 2015 or Tuesday, May 5, 2015 at the latest. (*Id.*)

3. After that deadline passed, the Court issued another Order to Show Cause (ECF No. 31), and the State filed its Limited Answer on May 22, 2015. On that same day, Mr. Bornstein submitted a letter to the Court. (ECF No. 33.) The relevant portion of that letter reads as follows:

> Today, I filed Respondents' Answer to petitioner's habeas petition. The Answer was limited to the issue of timeliness, as requested by the Court. I had originally intended to file the Answer on Monday, May 4, 2015, or Tuesday, May 5, 2015 at the latest. However, during the time when I was finalizing the Answer, I became aware of the existence of four additional boxes of documents that had been stored in another area of our office that I needed to review to ensure that I had fully and completely addressed the timeliness issue.

(*Id.*) Mr. Bornstein further explained that, due to his "staggering" caseload and other responsibilities, he was not able to complete his review of all the documents by May 5, despite his best efforts. (*Id.*)

4. The May 22, 2015 letter from Mr. Bornstein (ECF No. 33) appears to be the impetus for Petitioner's motion to compel, which was docketed with this Court on July 6, 2015. (ECF No. 40.) In that motion, Petitioner first alleges that the State previously withheld allegedly exculpatory evidence, which it turned over to him in February 2010 during his state court proceedings. Petitioner's substantive claims for relief in this habeas petition are premised on these allegations, which the Court has yet to consider on the merits. Petitioner's motion specifically references Mr. Bornstein's May 22, 2015 letter, and interprets Mr. Bornstein's statement that he "became aware of the existence of four additional boxes of documents" to mean that the four boxes of documents contain new, potentially exculpatory, discovery or evidence not previously turned over to Petitioner or his attorney in his state court proceedings. (ECF No. 40, Motion at ¶¶ 13-15.) Petitioner's motion seeks to have those four boxes of documents turned over to him. (*Id.*)

5. On August 3, 2015, Mr. Bornstein filed an affidavit in opposition to Petitioner's motion. In that affidavit, he states the following:

> 3. [I]n response to petitioner's demand for a second set of discovery in state court, more than 30 years after his trial, [Mr. Bornstein] conducted a diligent and exhaustive search of all records and files in the possession of the Division of Criminal Justice, the Essex County Prosecutor's Office, the Irvington Police Department, and the laboratories that previously tested certain evidentiary items.
>
> 4. Despite the age of this case, I was able to find almost every piece of evidence related to the investigation and prosecution of petitioner. The process of finding the discovery took at least several months.

> 5. I immediately provided, or otherwise made available to petitioner and his attorneys in state court, every piece of evidence in the State's possession.
>
> 6. I am not withholding any discovery from petitioner.
>
> 7. To my knowledge, no other State representative is withholding discovery from petitioner.
>
> 8. The above recited facts are true to the best of my knowledge.

(ECF No. 41. Affidavit of Daniel I. Bornstein, Esq. at ¶¶ 3-8.) In the accompanying cover letter to the Court, Mr. Bornstein further states: "As set forth in the affidavit, I have provided full discovery and I am not in possession of any discovery that has not been previously provided to the defense." (ECF No. 41-1.) The certificate of service accompanying the Affidavit, indicates that a copy of the Affidavit was mailed to Petitioner at Northern State Prison. (ECF No. 41-2.) It is not clear if Petitioner ever received a copy of the Affidavit.

6. On December 28, 2015, Petitioner filed an application for "Summary Default pursuant to [Fed. R. Civ. P.] 55 & 56." (ECF No. 48.) In that application, Petitioner incorrectly contends (1) that Mr. Bornstein "openly admitted [in his May 22, 2015 letter] that he found four additional boxes of Petitioner Pratola['s] Discovery in another section of the Criminal Justice Building/Office" and (2) that Mr. Bornstein <u>failed to respond</u> to Petitioner's motion to compel discovery. (*Id.* at ¶¶ 3, 8.) As explained above, Mr. Bornstein did file an affidavit in opposition to Petitioner's motion and a certificate of service indicating that the affidavit had been served on Petitioner at Northern State Prison. In that affidavit, he averred that he is not in possession of any discovery not previously turned over to Petitioner or his attorneys and is not aware of any such discovery. (ECF No. 41.)

7. The Court has reviewed the arguments of the parties and finds that there is no basis for the discovery/disclosure requested by Petitioner. Petitioner's request is based on his

allegations that the State previously withheld discovery and a misinterpretation of Mr. Bornstein's May 22, 2015 letter to the Court. Rule 6 of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." *See Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Lave v. Dretke*, 416 F.3d 372, 380 (5th Cir.2005)). Petitioner cannot meet this standard. There is also no basis for entering default or granting a default judgment because the limited answer has been filed and, to date, a full answer has not been ordered by the Court. As such, Petitioner's Motion to compel discovery (ECF No. 40) and his application for default/summary judgment (ECF No. 48) are denied. An appropriate Order follows.

_____
Madeline Cox Arleo, District Judge
United States District Court

Date: Feb 19, 2016