UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD PRATOLA,** | Civil Action No. 14-3077 (MCA) |
| Petitioner, | |
| v. | OPINION |
| **WARDEN (SSCF) et al.,** | |
| Respondents. | |

**ARLEO, United States District Judge:**

### I. INTRODUCTION

Petitioner Donald Pratola has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 challenging a judgment of conviction entered in 1981 and reinstated in 1993. The Court previously ordered the State to file a limited Answer addressing the timeliness of the Petition (ECF No. 17), and the State, after several extensions and delays, filed that Answer on May 22, 2015. (ECF No. 32.) The Court has reviewed the limited Answer and the attached state and federal court records, and the relevant dockets entries, and finds that the Petition currently pending before the Court is a "second or successive" habeas petition pursuant to 28 U.S.C. 2244(b) for which Petitioner has not sought or received authorization from the Court of Appeals to file in the District Court. As such, the Court is without jurisdiction to consider the Petition at this time and must either dismiss the Petition or transfer it to the Court of Appeals for the Third Circuit. For the reasons explained below, the Court will transfer the Petition to the Third Circuit pursuant to 28 U.S.C. § 1631 and close the file.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case has a lengthy post-trial procedural history, and the Court's recitation of the facts is limited to those facts that are necessary to this Opinion, and, unless otherwise noted, the Court relies on the exhibits attached to the State's Limited Answer. After a jury trial, Petitioner was found guilty of murder during the course of a robbery, and his original judgment of conviction was entered on May 18, 1981. (*See* ECF No. 32-3, Judgment of Conviction ("JOC").) Petitioner's convictions and sentence were affirmed on direct appeal by the Superior Court of New Jersey, Appellate Division on October 21, 1982. (*See* ECF No. 32-4.) Petitioner subsequently filed a motion in the Superior Court for a new trial on the ground of newly discovered evidence and for additional discovery, and Judge Neagle denied the motion On July 6, 1984. (ECF No. 32-5.) Petitioner appealed, and, on January 29, 1986, the Superior Court of New Jersey, Appellate Division affirmed the denial of the motion for a new trial. (*See* ECF No. 32-7.) On June 3, 1986, the Supreme Court of New Jersey denied Petitioner's petition for certification. (ECF No. 32-8.)

On September 24, 1985, while his appeal from the denial of his motion for a new trial was pending, Petitioner filed a *pro se* petition for a writ of habeas corpus in federal court, and on April 8, 1986, the Honorable Harold A. Ackerman, U.S.D.J., dismissed the petition for failure to exhaust state remedies. (*See* ECF No. 32-6.) On November 11, 1986, Petitioner filed a second *pro se* petition for a writ of habeas corpus in federal court, and, on March 2, 1987, Judge Ackerman denied the second petition for a writ of habeas corpus for failure to exhaust state remedies. (*See* ECF No. 32-9.) On October 21, 1988, petitioner filed a third *pro se* petition for a writ of habeas corpus in federal court. On August 17, 1990, the Honorable Nicholas H. Politan,

U.S.D.J., dismissed the third petition for a writ of habeas corpus for failure to exhaust state remedies. (ECF No. 32-11.)

On November 9, 1990, Petitioner filed a *pro se* motion for a new trial in the Superior Court of New Jersey, Law Division. (*See* ECF No. 32-13, August 5, 1993 Opinion at 1.) On August 5, 1993, Judge Lester granted Petitioner's motion and awarded Petitioner a new trial. (*See id.*) However, on September 20, 1993, the Superior Court, Appellate Division granted the State's motion for leave to appeal, and, on March 24, 1994, the Superior Court, Appellate Division reversed Judge Lester's decision and reinstated Petitioner's 1981 judgment of conviction. (*See* ECF No. 32-14.) The Supreme Court of New Jersey subsequently denied Petitioner's petition for certification on June 29, 1994. (ECF No. 32-15.)

Petitioner subsequently filed a fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for discovery, pursuant to Rule 6 of the Rules Governing Section 2254 Cases in federal court. On July 25, 1995, the Honorable Dickinson R. Debevoise, U.S.D.J., denied the motion for discovery and dismissed the fourth petition for a writ of habeas corpus on the merits. (*See* ECF No. 32-16; *see also* Civ. Act. No. 94-4989.)

On or about December 13, 1995, Petitioner filed another motion for a new trial and petition for post-conviction relief in the Superior Court of New Jersey, Law Division. On October 24, 1996, Judge Lester denied the motion for a new trial and post-conviction relief. (ECF No. 32-17.) On February 10, 1998, Judge Lester entered an order denying Petitioner's motion for a new trial and for reconsideration of the October 1996 motion for a new trial and post-conviction relief. (ECF No. 32-18.) On December 23, 1999, the Superior Court, Appellate Division, affirmed the denial of Petitioner's motion for a new trial and petition for post-conviction relief. (ECF No. 32-19.) Although the State has not provided the record, it appears

3

that Petitioner filed a fifth petition for a writ of habeas corpus on February 13, 2001. (*See* Civ. Act. No. 01-902.) The Honorable Dennis M. Cavanaugh, U.S.D.J., transferred that petition to the Third Circuit as a second or successive petition. (*See* Civ. Act. No. 01-902, ECF No. 10), and the Third Circuit dismissed the petition. (*Id.* at ECF No. 13.)

On August 20, 2007, Petitioner filed a motion to compel discovery in the Superior Court of New Jersey, and, after receiving additional discovery from the State, filed a *pro se* motion for a new trial based on newly discovered evidence on April 14, 2010. (ECF Nos. 32-20; 32-21.) In his motion for a new trial, Petitioner, who is white, argued in relevant part that the State failed to turn over allegedly exculpatory evidence, which suggested that the perpetrators of the robbery and murder were black or Hispanic males. (*See, e.g.*, ECF No. 32-21, *Pro Se* Moving Br. at ¶¶ 15-16.) He also argued that his conviction should be overturned because the State did not preserve the murder weapon, and it could not be tested for DNA. (*Id.* at ¶¶ 47-48.) The Honorable Robert H. Gardner, J.S.C., denied Petitioner's motion for a new trial on January 14, 2011. (ECF No. 32-22.) On July 31, 2013, the Superior Court, Appellate Division affirmed Judge Gardner's decision in an unpublished decision. (ECF No. 32-23.) On April 11, 2014, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 32-24.)

The instant habeas petition was docketed less than a month later on May 12, 2014, and was initially assigned to the Honorable Faith S. Hochberg. (*See* ECF No. 1.) In his Petition, Petitioner raises five overlapping grounds for relief, arguing in relevant part that the State withheld exculpatory evidence showing that the perpetrators of the robbery and murder were black or Hispanic and that the State failed to preserve the murder weapon for DNA testing. (*See* ECF No. 1, Pet. at 2-3; *see also* ECF No. 6, Pet at 6.) The Court issued an Order directing the State to file a limited Answer limited to the timeliness of the Petition. (ECF No. 17.) The case

was then transferred to the undersigned. (ECF No. 19.) After several delays, the State filed its limited Answer, arguing that the Petition must be dismissed "because [P]etitioner did not get prior approval from the Third Circuit to file a successive habeas petition" and because the Petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (*See* ECF No. 32, Letter Br. at 1-2.)

### III. ANALYSIS

The only issue before the Court is whether the Petition filed in this matter is a second or successive Petition. As explained by the Supreme Court,

> [t]he Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Thus, a prisoner who presents a claim not previously raised may file a second/successive § 2254 petition only if he first obtains an order from the appropriate circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A).[1] Absent such authorization, the district court lacks jurisdiction to

---

[1] Under § 2244(b)(3), the court of appeals must determine that a second or successive petition presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–530 (2005). Section 2244(b)(2) provides:

5

address the merits of such a petition. *See* 28 U.S.C. § 2244(b)(4). Here, the Petition before this Court challenges the same reinstated judgment of conviction and sentence that Petitioner challenged in the habeas petition before Judge Debevoise, and that Petition, unlike his prior habeas petitions, was adjudicated and dismissed on the merits in 1995.² (*See* ECF No. No. 32-16.) As such, Petitioner Pratola's filing in this matter amounts to a second or successive Petition under 28 U.S.C. § 2244(b) and does not fall into recognized exceptions to the "second or successive" rule.³ *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (explaining that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on

---

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Thus, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.

² Indeed, Petitioner filed a fifth Petition for a writ of habeas corpus on February 13, 2001. (*See* Civ. Act. No. 01-902.) Judge Cavanaugh transferred that Petition to the Third Circuit as a second or successive petition. (*See* Civ. Act. No. 01-902, ECF No. 10), and the Third Circuit dismissed the Petition. (*Id.* at ECF No. 13.) The fifth Petition, however, could not have dealt with the evidence presented in the instant Petition because Petitioner did not receive the evidence on which he bases this Petition until sometime between 2007 and 2010.

³ Because this Petition is "second or successive" there is no need to give notice under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). *See, e.g., Ramnauth v. New Jersey*, No. CIV. 12-599 PGS, 2012 WL 4508129, at *4 (D.N.J. Sept. 27, 2012). The Court notes, however, that the form Petitioner submitted with his *in forma pauperis* application provided him with the *Mason* notice. (*See* ECF No. 6, at 16.)

6

its merits and dismissed for failure to exhaust state remedies is not a second or successive petition); *Magwood v Patterson*, 561 U.S. 320, 342 (2010) (explaining that first habeas petition challenging a <u>new sentence</u> is not second or successive under § 2244(b) even though Petitioner had previously filed a habeas petition challenging prior sentence with respect to the same judgment).

Because Petitioner did not receive permission from the Third Circuit to file his second Petition, that Petition must either be dismissed for lack of subject matter jurisdiction or transferred to the Third Circuit pursuant to 28 U.S.C. 1631. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

In deciding whether it is in the interest of justice to transfer a second or successive petition to the appropriate court of appeals, a district court may properly consider whether a petitioner "ha[s] alleged facts sufficient to bring his petition within the gatekeeping requirements of § 2244, which permits 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (affirming the district court's dismissal of a second or successive petition brought pursuant to § 2255 and noting that "this inquiry as to the factual premise of [Petitioner's] claims did not require-and the District Court did not express-any opinion on the merits of the claims").

The Court has reviewed the grounds for relief alleged in Petitioner's Petition and finds that these arguments (1) were not previously raised in a prior petition that was adjudicated on the merits and (2) appear to allege facts to support a claim for newly discovered evidence pursuant to

28 U.S.C. § 2244(b)(2)(B).[4] The Court will therefore transfer the Petition to the Third Circuit pursuant to 28 U.S.C. §1631, which provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

### IV. CONCLUSION

The Court finds that it is without jurisdiction under 28 U.S.C. § 2244(b)(4) to consider the instant Petition because Petitioner has not sought and received permission from the Third Circuit Court of Appeals to file a second or successive habeas petition pursuant to § 2244(b)(3). For the reasons explained in this Opinion, however, the Court, in lieu of dismissal, will transfer the matter to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. An appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.

Date: 5/2/16, 2016

---

[4] The Court expresses no opinion about the merits of the alleged grounds for relief.